# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,     )
                                 )
             **Plaintiff,**    )
                                 )      **CRIMINAL ACTION**
**v.**                               )
                                 )      **No. 06-20021-13-KHV**
BAYRON MOREIRA,         )
                                 )
             **Defendant.**   )
_____)

## MEMORANDUM AND ORDER

On October 4, 2007, the Court sentenced defendant to 151 months in prison. The Tenth Circuit affirmed. See Order And Judgment (Doc. #616) filed July 16, 2009. On March 23, 2010, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #633). On July 21, 2010, the Tenth Circuit denied defendant's motion for a certificate of appealability. See Order Denying Certificate Of Appealability (Doc. #659). This matter is before the Court on defendant's Motion To Correct Plain Error Pursuant To Rule 52(b) (Doc. #724) filed October 9, 2013, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's motion.

## Analysis

Defendant seeks relief under Rule 52(b), Fed. R. Crim. P., but that rule is not intended as an independent avenue for collateral review after "society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." United States v. Frady, 456 U.S. 152, 164 (1982). A Section 2255 motion provides the proper vehicle for review. United States v. Lehi, 208 Fed. Appx. 672, 674 (10th Cir. 2006).

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). The temporal limits on bringing Section 2255 motions cannot be circumvented by dressing up such a motion as a Rule 52(b) motion. Lehi, 208 Fed. Appx. at 674.

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making

---

[1] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Defendant argues that he is entitled to relief under Alleyne v. United States, 133 S. Ct. 2151 (2013), which held that most (but not all) facts that increase a mandatory minimum sentence must be submitted to the jury. Here, defendant is not entitled to relief under Alleyne because (1) this Court did not impose a mandatory minimum sentence and (2) even though Alleyne set forth "a new rule of constitutional law," Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013), the Supreme Court has not made this rule retroactive to cases on collateral review, 28 U.S.C. § 2255(h)(2); In re Payne, --- F.3d ----, 2013 WL 5200425, at *1-2 (10th Cir. Sept. 17, 2013).

Accordingly, the Court declines to transfer the present motion to the Court of Appeals for processing.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Correct Plain Error Pursuant To Rule 52(b)</u> (Doc. #724) filed October 9, 2013, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, be and hereby is **DISMISSED for lack of jurisdiction**.

Dated this 28th day of October, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge